UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL PALMER,

        Plaintiff,                                    Civil Action No. 13-CV-15164

vs.                                                    HON. MARK A. GOLDSMITH

WAYNE COUNTY SHERIFF'S
DEPARTMENT, et al.,

        Defendants.
_____/

**OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (Dkt. 59); (2) DENYING PLAINTIFF'S MOTION FOR ORAL ARGUMENT (Dkt. 65); (3) REJECTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 53); (4) GRANTING DEFENDANT CITY OF DETROIT'S MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT (Dkt. 37); AND (5) DISMISSING WITH PREJUDICE CLAIMS AGAINST DEFENDANT CITY OF DETROIT**

     This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Stephanie Dawkins Davis, dated January 27, 2016 (Dkt. 53), as well as Plaintiff's motions for appointment of counsel (Dkt. 59) and for oral argument (Dkt. 65). As discussed below, the Court denies both of Plaintiff's motions. The Court further rejects the recommendation contained in the R&R, and grants Defendant City of Detroit's ("the City") motion to dismiss (Dkt. 37), which the Court, by Order dated April 21, 2016, converted into a motion for summary judgment (Dkt. 56).

### I. BACKGROUND

     Plaintiff's lawsuit arises out of a December 2010 raid on a local after-hours club. See Compl. (Dkt. 1). Plaintiff's complaint alleges various constitutional violations under 42 U.S.C. § 1983, as well as state tort claims, naming, among others, the City as a defendant. See id. The complaint was filed on December 18, 2013, six months after the City petitioned for bankruptcy

1

4:13-cv-15164-MAG-SDD   Doc # 68   Filed 07/20/16   Pg 2 of 8   Pg ID 448

on July 18, 2013. Due to deficiencies in Plaintiff's application to proceed in forma pauperis ("IFP"), the City was not served until on or about July 30, 2013. See Acknowledgment (Dkt. 18). Upon being served, the City filed a notice informing the parties of the automatic stay entered by the bankruptcy court against all pending and new litigation. See Notice (Dkt. 20). Accordingly, this case was stayed and administratively closed. See 8/8/2014 Order (Dkt. 21). Following completion of the City's bankruptcy, the case was reopened, 4/3/2015 Order (Dkt. 26), and referred to the Magistrate Judge (Dkt. 27).

The City subsequently filed a motion to dismiss. In its motion, the City stated that, following the automatic stay, the bankruptcy court established a February 21, 2014 deadline ("the General Bar Date"), by which unlisted creditors were required to file in the bankruptcy court any existing claims against the City. Def. City of Det. Mot. at 6-7 (cm/ecf pages). Failure to do so barred creditors from later asserting that claim against the City after its exit from bankruptcy. Id. at 7 (cm/ecf page). Notices informing the general public of the General Bar Date were published in both local and regional newspapers. Id. Plaintiff failed to file a proof of claim. Id.

The Eighth Amended Plan of Adjustment ("the Plan") was confirmed by the bankruptcy court on November 12, 2014, and it became effective on December 10, 2014. Id. at 8 (cm/ecf page). The Plan released and discharged the City from all claims arising on or before the Plan's effective date. Id. It further enjoined parties from taking actions against the City contrary to the Plan, including commencing or continuing any litigation pending prior to or as of its effective date, except as provided in the Plan or by the order confirming the Plan. Id. Because Plaintiff did not file a proof of claim by the General Bar Date, the City submits that Plaintiff's claims,

which arose prior to the Plan's effective date, are discharged, and Plaintiff is enjoined from continuing the instant litigation. See id. at 7-8 (cm/ecf pages).

Plaintiff filed a non-substantive response to the City's motion, requesting that the Court dismiss the motion, and that the matter be stayed until Plaintiff's request for appointment of counsel was granted. See Pl. Resp. (Dkt. 40).[1]

The Magistrate Judge then issued an R&R, recommending that the City's motion be denied without prejudice. The basis for the recommendation was that the record was unclear as to whether Plaintiff had constitutionally adequate notice of the General Bar Date by which he was required to file a proof of claim. R&R at 11. Specifically, the Magistrate Judge observed that discharge of a creditor's claim pursuant to a plan of adjustment is conditioned upon the creditor having reasonable notice of the debtor's bankruptcy proceeding, including the applicable bar date. Id. at 8-9. Absent reasonable notice that satisfies due process, a creditor's claims cannot be constitutionally discharged. Id. What constitutes reasonable notice depends on whether a creditor (or potential creditor) is known or unknown to the debtor. Id. at 9. When a creditor is known to the debtor, the debtor must provide actual notice of the relevant bar dates; publication in regional or national circulations is constitutionally insufficient. Id. Conversely, notice by publication is deemed constitutionally reasonable as to all unknown creditors. Id.

---

[1] Before filing his response, Plaintiff filed a motion for appointment of counsel and to stay the case until such counsel was appointed. See Pl. Mot. to Appoint Counsel and to Stay Case (Dkt. 39). This motion was denied. See 11/20/2015 Order (Dkt. 41). Plaintiff subsequently filed motions for an extension of time to respond to the City's motion, which appear to have requested open-ended extensions so that Plaintiff could obtain counsel and/or conduct research on the governing bankruptcy law. See 12/15/2015 Motion (Dkt. 43); 1/20/2016 Motion (Dkt. 50). These motions were later denied as moot in an order contemporaneous with the R&R. See 1/27/2016 Order (Dkt. 54). Plaintiff had also filed additional motions for the appointment of counsel, 12/15/2015 Motion (Dkt. 42); 1/20/2016 Motion (Dkt. 51), which were denied by the Magistrate Judge in that same order.

Upon reviewing the R&R and the accompanying motion papers, the Court issued an order converting the City's motion to dismiss into a motion for summary judgment, directing the parties to submit any evidence they had on whether Plaintiff was a known or unknown creditor to the City prior to the General Bar Date. 4/21/2016 Order. Both the City and Plaintiff filed a response in the form of a declaration. In addition to his response, Plaintiff also filed a motion to appoint counsel and a motion for oral argument.

## II. ANALYSIS

### A. Plaintiff's Motion to Appoint Counsel and Motion for Oral Argument

Plaintiff's motion to appoint counsel relies principally on Plaintiff's lack of knowledge regarding bankruptcy process and procedure and his purported medical disability. See 5/13/2016 Mot. to Appoint Counsel (Dkt. 59). Plaintiff has previously filed motions for appointment of counsel, each of which was denied by a magistrate judge. See 11/20/2015 Order (Dkt. 41); 1/27/2016 Order (Dkt. 54) (adopting conclusion of the November 20, 2015 order). In the November 20, 2015 order, the Magistrate Judge concluded, based on his review of the complaint, that Plaintiff had an adequate understanding of the relevant issues involved and that Plaintiff was able to articulate his claims in a reasonable fashion. 11/20/2015 Order at 2. The Magistrate Judge also found that the issues presented by the complaint were reasonably straightforward and not unduly complex. Id.

The Court agrees. The Court adds to the Magistrate Judge's observations that Plaintiff's declaration identifies and discusses the appropriate rule of civil procedure relating to timeliness of service, suggesting that Plaintiff is not as ignorant of basic legal procedure as he claims. See Palmer Decl. ¶ 5 (Dkt. 66) (referencing Federal Rule of Civil Procedure 4(m) and the 120-day

4

timeline for service);[2] id. ¶ 6 (referencing the "good cause" standard for excusing failures to timely serve).

The fact that the dispositive question presently before the Court — whether Plaintiff was a known or unknown creditor to the City prior to the General Bar Date — invokes bankruptcy law does not persuade the Court differently. That question boils down to the simple factual issue of what, if any, steps Plaintiff took to alert the City to his claims prior to February 21, 2014. Responding to this factual issue requires no specialized legal knowledge. Thus, the Court denies Plaintiff's motion to appoint counsel.

As for the motion for oral argument (Dkt. 65), the Court does not believe oral argument will aid the decisional process; therefore, it denies that motion, as well.

### B. The City's Motion to Dismiss/Motion for Summary Judgment

In its response to the Court's order (Dkt. 57), the City includes a sworn declaration from Michael M. Muller, Senior Assistant Corporation Counsel in the City of Detroit Law Department. See Muller Decl. (Dkt. 57-2). In that declaration, Muller avers that he is lead counsel on the case, and that he was not aware of the claims set forth in the complaint until he was served with them on or about July 30, 2014. Id.

Plaintiff's initial response to the Court's order requested a six-month extension, on the grounds that he lacked the requisite legal resources and knowledge to respond, and that he suffered from a number of medical conditions that rendered him disabled (Dkt. 60).[3] The Court allowed Plaintiff an additional two weeks in which to submit evidence that the City was aware,

---

[2] The Court recognizes that the most recent iteration of Rule 4(m) constricts the timeline for service to 90 days, but notes that this change is of relatively recent vintage.

[3] Prior to this request for an extension of time, Plaintiff also filed a "Request for Partys [sic] to submit evidence response" (Dkt. 58), explaining that Plaintiff had no knowledge of the City's bankruptcy proceeding and that Plaintiff did not understand what a known or an unknown creditor was nor its significance.

prior to the General Bar Date, of the allegations in his complaint. See 5/18/2016 Order (Dkt. 61). In so doing, the Court specifically advised Plaintiff that the evidence could be in the form of an affidavit or in letters that he previously wrote to the City, further advising that Plaintiff should include the dates of any communications to the City and the individual to whom those communications were made. Id.

Thereafter, Plaintiff filed a sworn declaration (entitled "Affidavit"), averring that the filing of the complaint was sufficient to put the City on notice of Plaintiff's claims and was filed before the General Bar Date. Palmer Decl. ¶¶ 2-3, 5. Plaintiff specifically contends that the complaint was filed on February 18, 2013, over a year prior to the General Bar Date, and suggests that had Defendants been properly served within the 120-day timeframe by the U.S. Marshal Service, as required by Federal Rule of Civil Procedure 4(m), service also would have taken place prior to the General Bar Date. Id. ¶¶ 4, 5, 8. He submits that he should not be penalized for this delay in service. Id. ¶¶ 4, 6, 8.

However, contrary to Plaintiff's assertion, the complaint was actually filed on December 18, 2013, just a few months prior to the General Bar Date. See Compl. And Plaintiff himself acknowledges that the delay in service by the U.S. Marshal was attributable to problems associated with his IFP application. Palmer Decl. ¶¶ 6, 8. Indeed, after initially failing to correct the deficiencies identified by the Court and communicated to Plaintiff, see 12/20/2013 Order (Dkt. 4) (order to show cause, identifying deficiencies in the IFP application); 1/15/2014 Order (Dkt. 5) (order denying IFP application after receiving no response to order to show cause), Plaintiff requested — and was granted — two additional extensions of time in which to either pay the full filing fee or to provide adequate proof of his indigence, see 2/7/2014 Motion for Extension of Time (Dkt. 6); 3/6/2014 Order (Dkt. 8) (granting 2/7/2014 motion); 4/1/2014

Motion for Extension of Time (Dkt. 11); 4/22/2014 Order (Dkt. 12) (granting 4/1/2014 motion). Plaintiff submitted a response to the Court's original order to show cause on July 10, 2014, see Response to Order to Show Cause (Dkt. 13), and Plaintiff's IFP status was granted shortly thereafter, see 7/24/2014 Order (Dkt. 14). Thus, it was Plaintiff's own actions, and not a lack of diligence on the U.S. Marshal, that resulted in the City not being served until July 2014, well after the expiration of the General Bar Date.

Moreover, the mere filing of a complaint in these circumstances cannot serve as proper notice of the claims therein, because it was filed after the City petitioned for bankruptcy and in violation of the bankruptcy court's automatic stay. The improper filing of a lawsuit should not be deemed an action that puts a debtor on notice of anything; rather, there is an expectation that no such lawsuits will be filed and all claims against the debtor will be channeled through the bankruptcy process. A holding that the filing of a lawsuit in violation of an automatic stay would put a debtor on notice of the claim would pressure a debtor to review court dockets repeatedly after a bankruptcy petition had been filed — impeding the relief from creditor actions that bankruptcy law is designed to foster. See In re Javens, 107 F.3d 359, 363 (6th Cir. 1997) ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." (quoting H.R. Rep. 95-595, at 350 (1978))).

On the instant record, the City has presented sufficient evidence that it was not on notice of Plaintiff's claims prior to the General Bar Date, and Plaintiff has failed to rebut that evidence with any of his own. Thus, the Court is satisfied that Plaintiff was an unknown creditor to the

City at the time notice was given of the General Bar Date, and notice by publication was constitutionally adequate as to Plaintiff. See In re Talon Auto. Grp., Inc., 284 B.R. 622, 625 (Bankr. E.D. Mich. 2002). Accordingly, the Plan effectively discharged Plaintiff's claims, as they arose prior to the effective date of the Plan. Plaintiff's claims against the City must be dismissed with prejudice.

### III.  CONCLUSION

For the reasons stated above, the Court denies Plaintiff's motions for appointment of counsel (Dkt. 59) and for oral argument (Dkt. 65). The Court further rejects the recommendation contained in the R&R (Dkt. 53), and grants the City of Detroit's motion to dismiss (Dkt. 37). Plaintiff's claims against the City of Detroit are dismissed with prejudice.

SO ORDERED.

Dated:  July 20, 2016                s/Mark A. Goldsmith
Detroit, Michigan                    MARK A. GOLDSMITH
                                     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2016.

                                     s/Karri Sandusky
                                     Case Manager