UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EMMANUEL PALMER, | Case No. 13-15164 |
| Plaintiff, | Mark A. Goldsmith |
| v. | United States District Judge |
| WAYNE COUNTY SHERIFF'S DEPARTMENT, *et al*, | Stephanie Dawkins Davis United States Magistrate Judge |
| Defendants. _____/ | |

**REPORT AND RECOMMENDATION**
**RULE 41B DISMISSAL OF DEFENDANT JOHN DOE**

**I.     PROCEDURAL HISTORY**

Plaintiff filed this civil rights lawsuit on December 18, 2013.  (Dkt. 1).  On January 6, 2016, this matter was referred to the undersigned by District Judge Mark A. Goldsmith for all pretrial purposes.  (Dkt. 48).  On May 19, 2015, the previously assigned Magistrate Judge ordered plaintiff to provide the correct name and address for the John Doe defendant by July 3, 2015.  (Dkt. 31).  That order provided that if plaintiff did not provide the name and address, he "may be required to show 'good cause' why this action should not be dismissed, without prejudice, as against any defendant that remains unserved after the 120-day time limit has expired."  (Dkt. 31, Pg ID 188).  Based on a review of the docket, which indicated that plaintiff had not provided the name and address of the Doe

1

defendant, the Court issued an order for plaintiff to show cause, in writing, by April 17, 2017, why the undersigned should not recommend dismissal under Rule 4(m) for failure to provide the correct name and address so that service could be effectuated in a timely fashion.  (Dkt. 70).  That Order provided that "**[f]ailure to satisfactorily or timely comply with this order will result in a recommendation that the action against defendant John Doe should be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 41.2**."  *Id.* (emphasis in original).  Plaintiff did not respond to the Order to Show Cause or otherwise contact the Court.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendant John Doe be **DISMISSED** under Federal Rule of Civil Procedure 41(b).

## II.    ANALYSIS AND CONCLUSIONS

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001).  Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link*, 370 U.S. at 629.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). On balance, these factors weigh in favor of dismissal here. With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or

3

fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Consequently, the undersigned concludes that plaintiff's failures to respond the order to provide an address and the order to show cause amount to abandonment for the purpose of this analysis. *Brown v. VHS of Mich., Inc.*, 545 Fed. Appx. 368, 372 (6th Cir. 2013) (A plaintiff is deemed to have abandoned a claim when he fails to address it in response to a motion for summary judgment.). Thus, the first and second factors weigh in favor of dismissal.

Moreover, based on the multiple warnings given to plaintiff, the third factor also clearly weighs in favor of dismissal. This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, where defendants expended resources on an abandoned action and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). Importantly, despite the court's warnings that his action may be dismissed, plaintiff failed to respond to the court's order to provide the name and address of the Doe defendant (Dkt. 31) and to the court's order to show cause regarding why that information has not been provided (Dkt. 70). Indeed, the court specifically warned plaintiff that it was his responsibility to submit sufficient information so that all defendants could be

served. (*See* Dkt. 31). The court expressly told plaintiff that if any defendant remained unserved after the extended summons expired, plaintiff "may be required to show good cause why this action should not be dismissed." *Id*. And, in the show cause order, the court indicated that a failure to respond "**will result in a recommendation that the action against [the remaining defendants] ... be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 41.2**." (*Id*.) (emphasis in original). Despite these warnings, plaintiff has provided no name or address for the Doe defendant, nor has he offered a "good reason" why those addresses have not been provided. (Dkt. 31); *see Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013).

And finally, given plaintiff's repeated failure to provide the name and address for the Doe defendant in response to the court's order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute. It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se*

5

litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately). The undersigned concludes that, for the reasons discussed above, plaintiff has effectively abandoned his case against the Doe defendant and this matter should be dismissed.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against defendant John Doe be **DISMISSED** under Federal Rule of Civil Procedure 41(b).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 30, 2017                    s/Stephanie Dawkins Davis
                                        Stephanie Dawkins Davis
                                        United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I certify that on June 30, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Emmanuel Palmer, 3888 19th Street, Ecorse, MI 48229.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov